**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | **Criminal No. 04-401 (RMC)** |
| ) | |
| **NEERAN HAKIM ZAIA,** ) | **(related to Civil No. 09-2461 (RMC))** |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION**

Defendant Neeran Zaia filed a second motion for reduction of sentence on

February 18, 2014, pursuant to 28 U.S.C. § 2255. *See* Mot. to Reduce Sentence [Dkt. 267]. As

explained below, the Court lacks jurisdiction over this second § 2255 motion and thus it will be

dismissed without prejudice.

**I. FACTS**

A grand jury returned a thirty-two count indictment against Ms. Zaia on

September 3, 2004. The indictment charged Ms. Zaia with violations of 18 U.S.C. § 371

(Conspiracy to Commit Offenses Against the United States); 8 U.S.C. § 1324(a)(2)(B)(ii)

(Bringing Unauthorized Aliens to the United States for Commercial Advantage or Private

Financial Gain); 8 U.S.C. § 1327 (Aiding and Abetting Certain Aliens to Enter the United

States); 18 U.S.C. § 1512(b) (Tampering with a Witness by Misleading Conduct); and 18 U.S.C.

§§ 2(a) & (b) (Aiding and Abetting, Causing an Act to Be Done). Superseding Indictment [Dkt.

79].

Over the course of two days, September 4 and 5, 2007, a jury was selected for trial

but not sworn. During this two-day period, the parties also held plea negotiations. The Government first made a plea offer under Federal Rule of Criminal Procedure 11(c)(1)(C) that called for a ten-year sentence and that would require Ms. Zaia to forfeit her citizenship. Ms. Zaia discussed this with her attorney (assisted by an interpreter) and declined the offer. The Government made a second Rule 11(c)(1)(C) offer, requiring Ms. Zaia to plead to eight counts of the Superseding Indictment, called for a fifteen-year sentence, required that she waive her right to appeal, and permitted her to retain her citizenship. Plea Agreement [Dkt. 167]. Ms. Zaia accepted this plea offer. On September 6, 2007, the Court conducted a lengthy Rule 11 colloquy, ordered a presentence investigation report, and set the sentencing date. On November 19, 2007, the Court formally accepted the Plea Agreement and imposed a sentence of 180 months (i.e., fifteen years). Tr. 11/19/07 at 52; J. [Dkt. 185].[1]

Despite Ms. Zaia's waiver of the right to appeal, via trial counsel, Reita Pendry,[2] Ms. Zaia filed a notice of appeal. Notice of Appeal [Dkt. 187]. Appellate counsel, Edward Sussman, later moved to dismiss the appeal because he could find no non-frivolous issues to present to the Circuit. He also moved to withdraw as counsel. The Circuit granted the motion, dismissed the appeal, and issued the mandate. *See* Mandate [Dkt. 205]. Subsequently, the Government filed a motion for downward departure under Federal Rule of Criminal Procedure 35, and the Court reduced Ms. Zaia's sentence to a total term of imprisonment of 144 months (i.e., twelve years). *See* Minute Entry (Apr. 7, 2009); Second Am. J. [Dkt. 206].

Ms. Zaia later filed a Motion to Vacate, Set Aside, or Correct Sentence under 28

---

[1] The judgment was later amended to correct costs that Ms. Zaia was required to pay. Am. J. [Dkt. 190].

[2] Ms. Pendry was Ms. Zaia's fourth trial counsel.

U.S.C. § 2255, which the Court denied on November 19, 2010. *See* Mem. Op. [Dkt. 243] & Order [Dkt. 244]. Ms. Zaia moved to reconsider,[3] and the Court denied that motion both as untimely and on the merits. *See* Mem. Op. [Dkt. 255] & Order [Dkt. 256]. Ms. Zaia moved to reconsider yet again. *See* Second Mot. for Reconsideration [Dkt. 263]. The Court granted in part and denied in part the Second Motion for Reconsideration, finding that the one-day delay in filing should have been excused because the electronic case filing system was temporarily unavailable. As a result, on February 2, 2011, the Court vacated and replaced the original Opinion and Order on reconsideration, Dkts. 255 & 256, with a new Opinion and Order, Dkts. 264 & 265, to make it clear that the motion to reconsider in fact was denied on substantive grounds and not due to timeliness.

Ms. Zaia now moves a second time for reduction of her sentence, claiming she has served over 90% of her time, she has been a "model inmate," she has been rehabilitated, and that there is "no reason to deny relief." *See* Mot. to Reduce Sentence at 1-3.

## II. LEGAL STANDARD AND ANALYSIS

Under Section 2255, a prisoner sentenced in federal court may move to vacate, set aside, or correct her sentence if the sentence was imposed "in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise

---

[3] Ms. Zaia also filed a Notice of Appeal of the November 19, 2010 Order denying the § 2255 motion, Dkt. 244. *See* Notice [Dkt. 251] & [Dkt. 252]. The D.C. Circuit dismissed the appeal due to the lack of a certificate of appealability, noting that Ms. Zaia had not "'made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), because she [had] not demonstrated 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *United States v. Zaia*, Case No. 11-3004, Order (D.C. Cir. Aug. 19, 2011).

subject to collateral attack."  28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255

Proceedings provides that promptly upon receiving a motion to reduce sentence, the Court must

examine the motion and if it "plainly appears . . . that the moving party is not entitled to relief"

the motion must be denied.  *See United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).

Although Ms. Zaia does not cite 28 U.S.C. § 2255, the Court will treat the motion

as one filed under § 2255 because that is its substance.  *See Gonzalez v. Crosby,* 545 U.S. 524,

531 ("Regardless of how a pro se prisoner styles his motion, a court must review the motion

based on its substance.")  She moves for "modification in the form of a reduction of sentence."

Mot. to Reduce Sentence at 1.[4]  "An attack on a prisoner's conviction or sentence is tantamount

to a § 2255 motion."  *United States v. Akers*, 519 F. Supp. 2d 94, 96 (D.D.C. 2007).  A district

court is without jurisdiction to entertain a "second or successive" § 2255 motion unless the court

of appeals first authorizes the filing of such motion.  *See* 28 U.S.C. § 2255 ("A second or

successive motion must be certified as provided in section 2244 by a panel of the appropriate

court of appeals . . . .");  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application.");  *see also*

*United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003);  *Akers*, 519 F. Supp. 2d at 96.

When a defendant files a successive § 2255, the motion may be transferred to the Circuit without

notice to the movant.  *Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007).  If the

motion is plainly without merit, the district court instead may deny the motion without prejudice.

---

[4]Ms. Zaia also claims to be "awaiting response to motions currently pending with the court."
Mot. to Reduce Sentence at 1.  She is mistaken.  There are no motions currently pending in this
Court.

*Id.* at 204.

Ms. Zaia has not obtained certification from the Circuit for the filing of her second § 2255 motion. Further, the motion does not state viable grounds for relief. She merely states that because she has been a "model inmate" and she has served most of her sentence, her sentence should be terminated early. *See* Mot. to Reduce Sentence at 1-3. Because the motion has not been certified by the Circuit and because it lacks merit, it will be denied without prejudice.

### IV. CONCLUSION

For the reasons stated above, Ms. Zaia's second motion to reduce sentence [Dkt. 267] will be denied without prejudice.[5] A memorializing Order accompanies this Memorandum Opinion.

Date: March 31, 2014

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[5] Ms. Zaia may file, without authorization from this Court, a request for permission to file a successive § 2255 motion with the United States Court of Appeals for the D.C. Circuit.